IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

**COLEMAN FAMILY, L.L.C.,**

    **Plaintiff,**

v.                                                                                    Civil Action No. 6:19CV00041

**SUNTRUST BANK, successor to
CRESTAR BANK,**

    **Defendant.**

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Coleman Family, L.L.C. ("Coleman"), by counsel, and for its Amended Complaint against the Defendant, SunTrust Bank ("SunTrust"), states as follows:

1. SunTrust is the owner of certain real property located in Bedford County, Virginia commonly known as 18077 Forest Road, Forest, Virginia, Tax Map # 101 7 1, Parcel Number 10111020, and more particularly described as follows (the "Property"):

> All that certain lot, piece or parcel of land with improvements thereon and appurtenances thereunto belonging, lying and being in the County of Bedford, Virginia, designated as Lot 1, as shown on a play entitled "Plat Showing Section One, Graves Mill Center, Jefferson District, Bedford County, Va.", dated May 20, 1988, prepared by Hurt & Proffitt, Inc. (the Subdivision Plat), said plat being recorded in the Clerk's Office of the Circuit Court of the County of Bedford, Virginia (the Clerk's Office) in Plat Book 25, at page 107, containing 0.681 acres, and as shown on that certain plat of survey entitled "Plat showing as Built Survey of Lot 1, Section 1, Graves Mill Center, Jefferson District, Bedford Co., Va.", dated May 14, 1993, prepared by Hurt & Proffitt, Inc., a copy of which is recorded in the Clerk's Office in Deed Book 902, at page 451 and to which plat reference is hereby made for a more complete description of the property.
>
> Together with a permanent and perpetual non-exclusive easement appurtenant to the property of ingress and egress over and upon all areas designated as entrances or roadways or for public access in the areas so designated in the shopping Center located on Tract 1, as shown on the Subdivision Plat.

> Together with the right of ingress and egress and certain obligations as set forth in that certain Cross-Easement Agreement among The Ore Corporation, Coco Properties, Crestar Bank, and Theodore J. Craddock, as sole acting trustee, as recorded immediately prior to the Deed to Crestar Bank recorded in the land records of the Clerk's Office in Deed Book 602, at page 448.
>
> Being the same property conveyed to Crestar Bank by deed dated May 14, 1993 from The Ore Corporation, a copy of which is recorded in the land records of the Clerk's Office in Deed Book 602, at page 448, reference to which is hereby made for a more complete description of the property.

As a result of a merger and/or acquisition, SunTrust acquired the interest of Crestar Bank in the Property. SunTrust is a Georgia corporation.

2. Coleman is a Virginia limited liability company.

3. In early 2019, SunTrust began to market the Property for sale.

4. By Contract of Sale dated March 1, 2019, Coleman made an offer to SunTrust to purchase the Property. SunTrust declined to accept that offer.

5. Coleman and SunTrust, through their respective agents, continued to negotiate the terms of a purchase and sale of the Property.

6. An agreement was reached between the parties for the purchase and sale of the Property for the sum of $700,000.

7. Thereafter, SunTrust sent Coleman a letter dated April 23, 2019, captioned "Letter of Intent—Sale of 18077 Forest Road, Forest VA 24551", which was signed by Christyne Albury on behalf on SunTrust. A copy of the letter as originally received by Coleman is attached hereto as <u>Exhibit A</u>.

8. Upon receipt of the foregoing, David Coleman, acting on behalf of Coleman, notified Coleman's real estate agent, Rick Read, that the letter did not adequately represent the parties' agreement as it did not appear to be a final and binding contract and allowed SunTrust to continue to accept other offers from potential purchasers.

9. Accordingly, Mr. Coleman crossed out the final sentence of the first paragraph on the second page of the letter which read: "Until such time as a Purchase Agreement has been fully executed, the Seller expressly reserves the right to accept other offers for the purchase of the Property and to terminate this letter of intent without any liability or obligation to the Purchaser." Mr. Coleman then initialed the strike out and signed and dated the letter. A copy of the letter as revised by Coleman is attached hereto as <u>Exhibit B</u>.

10. Mr. Coleman gave the revised letter to Mr. Read with instructions to take it back to SunTrust's real estate agent, Barry Ward, and advise him that Coleman insisted on an agreement which would be binding on the parties. Mr. Read followed those instructions and communicated the same to Mr. Ward.

11. It was Coleman's understanding and intent that the revised letter agreement, if accepted by SunTrust, would constitute a binding agreement.

12. Mr. Ward then presented Ms. Albury with the revised letter and, on information and belief, conveyed Mr. Read's communication described in Paragraph 10, above.

13. Ms. Albury, on behalf of SunTrust, then initialed the strike out evidencing SunTrust's assent and agreement to Coleman's terms. A copy of the final, fully executed and initialed letter is attached hereto as <u>Exhibit C</u> (the "Agreement").

14. Upon information and belief, Ms. Albury, on behalf of SunTrust, intended to bind SunTrust to sell the Property to Coleman by inserting her initials on the Agreement and returning it to Coleman.

15. Upon information and belief, another bank in the Lynchburg area learned of SunTrust's attempts to exclude it from the purchase and/or use of the Property and filed or threatened to file a complaint.

16. On or about May 2, 2019, SunTrust, through Mr. Ward, notified Coleman, through Mr. Read, that SunTrust was not going to proceed with the sale of the Property to Coleman. Instead, SunTrust notified Coleman that it was soliciting offers of purchase from third-parties and would continue to do so through May 17, 2019.

17. Upon information and belief, the complaint or threat of a complaint against SunTrust by a competitor bank caused SunTrust to dishonor the Agreement.

18. On or about May 9, 2019, Coleman, by counsel, requested that SunTrust perform its obligations under the Agreement and take affirmative steps toward closing the transaction.

19. On or about May 13, 2019 and in response to Coleman's May 9, 2019 request, SunTrust reaffirmed its intention not to perform its obligations under the Agreement to sell the Property to Coleman.

20. Coleman has complied with its obligations under the Agreement and remains ready and able to proceed under the Agreement.

COUNT I – BREACH OF CONTRACT

21. Coleman hereby adopts and incorporates the foregoing paragraphs of this Complaint as if set forth fully herein.

22. The Agreement is a binding and legally enforceable contract between Coleman and SunTrust. Despite being captioned as a "letter of intent", the Agreement sets forth all material terms of a purchase and sale agreement and evidences the intentions of the parties to be bound to them.

23. Therefore, SunTrust was under a binding obligation to prepare and submit to Coleman a signed Purchase Agreement consistent with the terms of the Agreement which Coleman would have signed upon receipt.

24. Pursuant to the Agreement, SunTrust was obligated to perform all of the obligations referenced above.

25. SunTrust a) breached the Agreement by failing to prepare and submit the "Purchase Agreement" as referenced above, and/or b) anticipatorily breached the Agreement by communicating to Coleman that it would not follow through with its obligations under the Agreement to sell the Property to Coleman.

26. Coleman has performed all of its obligations under the Agreement.

27. As a direct and proximate result of SunTrust's breach of the Agreement, Coleman has been damaged.

28. The award of monetary damages would be insufficient to compensate Coleman for SunTrust's breach of the Agreement due to the unique characteristics of the Property.

29. Specific performance is the only adequate remedy for Coleman.

## COUNT II – INJUNCTIVE RELEIF

30. Coleman hereby adopts and incorporates the foregoing paragraphs of this Complaint as if set forth fully herein.

31. As set forth herein, SunTrust has denied Coleman the rights and benefits of the Agreement to which it is entitled.

32. Contrary to Coleman's rights as set forth in the Agreement, SunTrust has expressed its intention not to perform its contractual duties and, instead, sell the Property to a third-party.

33. Unless the Court grants injunctive relief in favor of Coleman, Coleman will suffer immediate and irreparable harm. The Property has unique characteristics and Coleman's interests in the Property cannot be satisfied with a substitute property. Should SunTrust be

permitted to contract to sale and/or proceed with closing a sale of the Property to a third-party, SunTrust's interest in the Agreement (and therefore, the Property) will be severely and/or irreparably damaged and/or extinguished.

34. The grant of injunctive relieve will not substantially harm SunTrust. It will merely preserve the status quo of the parties and their contractual rights and obligations pending resolution of this dispute and will further the parties' contractual rights and obligations.

35. The parties entered into a valid, binding agreement to purchase and sell real property. The evidence will clearly establish that SunTrust has refused to sell the Property to Coleman and that Coleman remains able and willing to purchase the Property. Accordingly, Coleman is likely to succeed on the merits.

36. Injunctive relief is in the public interest as it promotes judicial economy and preserves the contractual rights of the parties in real property pending resolution of the parties' dispute.

WHEREFORE, Coleman Family, L.L.C., by counsel, prays for the entry of an Order enjoining SunTrust Bank from conveying the Property to any third-party and compelling SunTrust Bank to perform its obligations under the Agreement by entering into a Purchase Agreement and/or selling the Property to Coleman Family, L.L.C. pursuant to the terms of that Agreement, that the Court award it its costs incurred herein, and that the Court grant such other and further relief as it deems just and proper.

A TRIAL BY JURY IS DEMANDED.

COLEMAN FAMILY, L.L.C.

BY COUNSEL

Dated this 2nd day of July, 2019.

Counsel:

*/s/ Glenn W. Pulley*
Glenn W. Pulley (VSB No. 15677)
Amanda M. Morgan (VSB No. 70210)
J. Court Shipman (VSB No. 84438)
GENTRY LOCKE
800 Main Street, 11th Floor (24504)
P. O. Box 6218
Lynchburg, VA 24505
Telephone: (434) 455-9940
Fax: (540) 983-9400
pulley@gentrylocke.com
morgan@gentrylocke.com
shipman@gentrylocke.com

CERTIFICATE OF SERVICE

    I hereby certify that on July 2, 2019, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which provided electronic service to all counsel of record.

*/s/ Glenn W. Pulley*